**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ASHLEA ROSE HOPKINS,         )
                                 )
        Plaintiff,           )
                                 )
        v.                    )        Civil Action No.   26-01425 (UNA)
                                 )
                                 )
STEVIE THOMAS *et al.*,        )
                                 )
        Defendants.      )

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a form complaint, an application to proceed *in forma pauperis* (IFP), and a motion for a temporary restraining order (TRO).  For the following reasons, the court grants the IFP motion, denies the TRO motion, and dismisses the complaint.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  Thus, the pleader must allege enough facts to permit a court "to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up).  The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate

defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  They also assist the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Lavonia, Georgia, sues the Franklin County Sheriff in Georgia for reasons unknown.  In the six-page form complaint, Plaintiff has left bare the "Basis of Jurisdiction," the "Statement of Claim," and the "Relief" sections.  Instead, she refers the reader to attachments exceeding 155 pages, ECF Nos. 1-2 through 1-9.  But neither the court nor the defendants must "sift and sort through" Plaintiff's exhibits in search of a claim or grounds for a TRO.  *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996); *see Osahar v. U.S. Postal Service*, 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) ("to force the parties and the court to sift through an additional 100 pages of [complaint exhibits]would frustrate the purpose of Rule 8(a)(2)").  Therefore, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
Date: June 30, 2026                                    United States District Judge